IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>S.M.R. JEWELL, Secretary of the Department of the Interior, *et al.*,<br><br>Defendants,<br><br>and<br><br>AMERICAN PETROLEUM INSTITUTE, *et al.*,<br><br>Intervenor-Defendants. | CIVIL ACTION NO. 2:10-cv-01882<br><br>SECTION "A"<br><br>JUDGE JAY C. ZAINEY<br><br>MAGISTRATE JOSEPH C. WILKINSON |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF STIPULATION TO AMEND SETTLEMENT AGREEMENT**

Pursuant to LR 7.1 and LR 7.3 and paragraph XI.B of the Settlement Agreement ("Settlement Agreement") (ECF No. 118-2) approved by the Court on June 25, 2013 (ECF No. 119), Plaintiffs (Natural Resources Defense Council, Center for Biological Diversity, Gulf Restoration Network, and Sierra Club), Federal Defendants (S.M.R. Jewell, Secretary of the Department of the Interior; the Bureau of Ocean Energy Management ("BOEM"); and Abigail Ross Hopper, Director, BOEM), and Intervenor-Defendants (American Petroleum Institute, International Association of Geophysical Contractors, Independent Petroleum Association of America, U.S. Oil and Gas Association, and Chevron U.S.A., Inc.), collectively the "Parties," respectfully submit this memorandum in support of their Joint Motion for approval of the attached Stipulation to Amend Settlement Agreement ("Stipulation"). As discussed in more

DC: 5924240-1

detail below, the Stipulation would modify the Settlement Agreement to extend the current stay of proceedings until September 21, 2017, subject to certain additional conditions on deep penetration seismic surveys in the Gulf of Mexico permitted by BOEM. Because the terms of the Stipulation are fair and reasonable and likely will avoid the need for further litigation, the Stipulation is appropriate and should be approved and entered as an Order of the Court.

In its Order of June 25, 2013, the Court approved the Settlement Agreement and stayed all proceedings in this matter pursuant to the terms of the Agreement. ECF No. 119. The Settlement Agreement provided for a 30-month stay to allow the National Marine Fisheries Service ("NMFS") to take final action on BOEM's application for authorization under the Marine Mammal Protection Act ("MMPA") to take marine mammals incidental to geological and geophysical surveys conducted in the waters of the Outer Continental Shelf in the Gulf of Mexico, and to allow NMFS and BOEM to complete a related analysis under the National Environmental Policy Act ("NEPA") and consultation under the Endangered Species Act ("ESA"). *See* Settlement Agreement (ECF No. 118-2), §§ I.B-C, II.A.[1]

In exchange for Plaintiffs' agreement not to pursue their claims during the stay, BOEM has agreed to undertake certain steps during the stay that Plaintiffs believe will inform the ongoing MMPA, NEPA, and ESA processes and mitigate the alleged adverse impacts of seismic activities on marine mammals. *See* Settlement Agreement, §§ IV, V, VII, VIII, IX. If the stay automatically terminates as a result of NMFS's taking final action on BOEM's MMPA

---

[1] This summary of the primary components of the Settlement Agreement is not intended to alter or affect the meaning of any of its terms. In the event of a discrepancy between the summary and the terms of the Settlement Agreement itself, the Settlement Agreement controls. The Parties' memorandum in support of their joint motion for approval of the Settlement Agreement (ECF No. 118-1) provides additional background regarding Plaintiffs' claims and the terms of the Agreement. *See* ECF No. 118-1 at 2-7.

application (preceded or accompanied by the completion of associated NEPA and ESA processes), Plaintiffs will dismiss the above-captioned lawsuit. *See id.* § III.A.

The 30-month stay provided by the Settlement Agreement originally was set to expire on December 25, 2015. Because the ongoing administrative processes under the MMPA, NEPA, and the ESA associated with BOEM's MMPA application are taking longer than anticipated to complete, BOEM requested that Plaintiffs and Intervenor-Defendants stipulate to a 21-month extension of the stay pursuant to paragraph XI.B of the Agreement. In its orders of December 23, 2015 (ECF No. 124) and January 20, 2016 (ECF No. 126), the Court granted the Parties' requests for interim extensions of the stay until February 8, 2016, in order to allow the Parties to conclude negotiations over the terms of BOEM's proposed long-term stay extension.

The Parties' negotiations have culminated in the attached Stipulation, which has been approved and executed by all Parties. If approved by the Court, the Stipulation would extend the current stay of proceedings until September 25, 2017, or until NMFS takes final action on BOEM's application for MMPA take authorization, whichever occurs first. *See* Stipulation, ¶ 3.[2]

In exchange for Plaintiffs' agreement not to pursue their claims during the extended stay, BOEM has agreed to undertake certain additional steps that Plaintiffs believe will further mitigate the potential adverse impacts of seismic activities on marine mammals. *See* Stipulation, ¶¶ 5-8. Specifically, the Settlement Agreement obligates BOEM to consider, in permit-specific NEPA analyses for proposed deep penetration seismic permits in the Gulf, the appropriateness of prescribing certain marine mammal mitigation measures. *See* Settlement Agreement, § V.A-F. The Stipulation would modify or expand upon those measures in three respects:

---

[2] As with the summary of the Settlement Agreement, this summary of the Stipulation is not intended to alter or affect the meaning of any of its terms. In the event of a discrepancy between the summary and the terms of the Stipulation itself, the Stipulation controls.

- Expanded Areas of Concern.  Certain mitigation measures BOEM must consider under the Settlement Agreement apply in defined "Areas of Concern" within the Gulf.  Agreement, § I.D.  The Stipulation would expand portions of those areas to include a five-kilometer buffer.  Stipulation, ¶ 5.

- Expanded Seasonal Restriction for Coastal Waters.  The Settlement Agreement includes a measure that, subject to certain exceptions, prohibits the permittee from operating seismic airguns seasonally between March 1 and April 30 in an Area of Concern encompassing federal coastal waters in the Gulf.  Settlement Agreement, § V.A.  The Stipulation would expand the seasonal restriction to apply from January 1 through April 30 in a portion of the coastal Area of Concern where NMFS has found that an unusual cetacean mortality event is occurring.  Stipulation, ¶ 7.

- Incentives for the Use of Noise Reduction Technology.  The Stipulation would require that BOEM consider a new measure waiving permitting fees and eliminating or modifying mitigation measures for any permittee that employs Noise Reduction Technology to reduce the sound produced by seismic arrays.  Stipulation, ¶ 8.

Consistent with the framework established by the Settlement Agreement, the Intervenor-Defendants have agreed to abide by the new or modified mitigation measures described above even if BOEM does not adopt them at the conclusion of the permit-specific NEPA process.  Stipulation, ¶ 9; *see also* Settlement Agreement, § VI.

Except as modified by the Stipulation, all terms of the Settlement Agreement would remain in effect during the extended stay.  Stipulation, ¶¶ 2, 4.  Accordingly, if, as the Parties believe is likely, the extended stay automatically terminates as a result of NMFS's taking final action in response to BOEM's MMPA application (preceded or accompanied by the completion of associated NEPA and ESA processes), Plaintiffs will file a notice of dismissal, with prejudice, pursuant to Federal Rule of Civil Procedure 41.  *See* Settlement Agreement § III.A.  If the stay terminates for any reason other than NMFS's issuance of an MMPA take authorization, the litigation would resume.

In summary, the Stipulation would retain the key components of the Settlement Agreement approved by the Court, which has proven to be successful to date and reasonably accounts for the interests of all Parties.  *See* ECF No. 118-1 at 7-10.  The modifications to the Settlement Agreement made by the Stipulation are fair and reasonable and are the product of good-faith negotiations conducted by all of the Parties.  Although the Stipulation would extend the stay for a significant period of time, approving the Stipulation will likely lead to the voluntary dismissal of this action, thereby conserving judicial resources.  In sum, the Settlement Agreement, as amended by the Stipulation, reasonably accounts for the competing interests of all Parties and replaces the likely alternative of protracted litigation.  Accordingly, the parties respectfully submit that approval of the Stipulation would be an appropriate exercise of the Court's discretion.

## CONCLUSION

For the foregoing reasons, the Parties' Joint Motion should be granted, and the Court should enter an order similar to the attached proposed order approving the Stipulation. Respectfully submitted this 8th day of February, 2016.

| | |
|---|---|
| *For Plaintiffs Natural Resources Defense Council, Center for Biological Diversity, Gulf Restoration Network, and Sierra Club:* | *For Federal Defendants S.M.R. Jewell, Secretary of the Department of the Interior; the Bureau of Ocean Energy Management ("BOEM"); and Abigail Ross Hopper, Director, BOEM:* |
| */s/ Joel Waltzer (with permission by Kevin W. McArdle)*<br>JOEL WALTZER (LA #19268)<br>3715 Westbank Expressway, Ste. 13<br>Harvey, LA 70058<br>Office: (504) 340-6300; Fax: (504) 340-6330<br>Email: joel@waltzerlaw.com | JOHN C. CRUDEN<br>Assistant Attorney General<br><br>*/s/ Kevin W. McArdle*<br>KEVIN W. McARDLE, Trial Attorney<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Wildlife & Marine Resources Section<br>Benjamin Franklin Station, P.O. Box 7611<br>Washington, D.C. 20044-7611 |
| */s/ Rebecca J. Riley (with permission by Kevin W. McArdle)*<br>Rebecca J. Riley<br>Natural Resources Defense Council | |

5

2 N. Riverside Plaza, Suite 2250
Chicago, IL 60606
Tele: (312) 651-7913
Fax: (312) 234-9633
rriley@nrdc.org


*For Plaintiff Gulf Restoration Network:*

*/s/ Stephen E. Roady (with permission by Kevin W. McArdle)*
Stephen E. Roady
Earthjustice
1625 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 667-4500
Fax: (202) 667-2356
sroady@earthjustice.org

Tele: (202) 305-0219/Fax: (202) 305-0275
kevin.mcardle@usdoj.gov

*/s/ Joanna Brinkman*
JOANNA BRINKMAN, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 305-0476
joanna.brinkman@usdoj.gov


*For Intervenor-Defendants American Petroleum Institute, International Association of Geophysical Contractors, Independent Petroleum Association of America, and US Oil & Gas Association:*

*/s/ Steven J. Rosenbaum (with permission by Kevin W. McArdle)*
Steven J. Rosenbaum
Bradley K. Ervin
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 662-5568
Facsimile: (202) 778-5568
srosenbaum@cov.com


*For Intervenor-Defendant Chevron U.S.A., Inc.:*

*/s/ John C. Martin (with permission by Kevin W. McArdle)*
John C. Martin
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2505
Facsimile: (202) 628-5116
jmartin@crowell.com

*/s/ Charles J. Engel III (with permission by Kevin W. McArdle)*
Charles J. Engel III
King & Spalding
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006
Telephone: (202) 661-7800
Facsimile: (202) 626-3737
tengel@kslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2016, the foregoing document was filed with the United States District Court for the Eastern District of Louisiana's electronic filing system for service on all parties:

                              */s/ Kevin W. McArdle*